## ANKER *v.* SCHREIB.[1]

JUDGMENTS—TAXATION—RES ADJUDICATA.

> A complainant who files a bill to set aside tax deeds, is bound by a decree rendered against his predecessor in title adjudging the taxes valid prior to the date of the sale to the State under which the deeds were issued to defendant.

Appeal from Ogemaw; Sharpe, J. Submitted January 21, 1909. (Docket No. 34.) Decided September 21, 1909.

Bill by Samuel Anker against Charles M. Schreib,

---

[1] Rehearing denied December 31, 1909.

William Barber, and another to set aside certain tax deeds. From a decree dismissing the bill, complainant appeals. Affirmed.

*William T. Yeo*, for complainant.

*Bennett & Moore* and *Foster L. Snodgrass*, for defendant Barber.

MOORE, J. In January, 1898, the auditor general of the State issued to Charles M. Schreib a tax deed for the unpaid taxes of 1882, 1883, 1884, and 1885. He also issued to him on the same day a tax deed for the unpaid taxes of 1886, 1890, 1891, 1892, and 1893. November 14, 1899, the bill in this case was filed to have the two deeds declared void. No *lis pendens* was filed. Personal service was had on Mr. Schreib. His default was taken December 19, 1899, but nothing further was then done. On February 25, 1904, Charles M. Schreib deeded the lands by quitclaim deed to William Barber, and it is his claim that he and his grantors have been in possession of the land since the year 1900. In October, 1907, the solicitor for complainant sought to place the case on the calendar for hearing when the defendant Barber was allowed to file an answer. An answer was also filed by the auditor general. There were other proceedings had which it is not necessary to recite here. The cause was heard on pleadings and proofs taken in open court. The bill of complaint was dismissed, and the case was brought here by appeal.

A great many interesting questions were presented by counsel which, in our view of the case, it is not necessary to discuss. The complainant obtained his title to the land from the estate of Charles Dease. The record discloses the following:

"Files and records of the circuit court for the county of Ogemaw, in chancery, in the suit entitled Charles Dease, complainant, v. Auditor General and County Treasurer, defendants, T. B. Tuttel being solicitor for complainant,

and De Vere Hall, as solicitor for defendants, discloses the following facts: October 5, 1887, bill of complaint filed to set aside taxes of year 1885 for defects alleged therein. March 12, 1888, defendants' answer filed. March 24, 1888, complainant's replication to answer filed. April 16, 1889, proof of service of notice of hearing that case will be tried May 7, 1889, filed. May 13, 1889, court in session, decree rendered. June 7, 1889, notice of signing and settling decree, filed. June 7, 1889, notice of entry of decree. December 12, 1889, execution issued, returned not satisfied 12–4–1890. In the bill so as above filed it was by said Charles Dease claimed that said taxes were levied without authority of law."

The decree entered recites, among other things, as follows:

"This cause having been brought on for hearing on proofs taken in open court, in the circuit court for the county of Ogemaw, in chancery, and having been argued by counsel for the respective parties, and due deliberation had thereon, it is ordered, adjudged, and decreed: * * *

"It is hereby determined that the lien created against the said lands of complainant, described in his bill of complaint, filed in this cause, by the assessment and levy of taxes in the year 1885, be and the same is hereby continued in full force and effect, said lien to continue until the said lands are sold by virtue of and under the provisions of Act No. 153 of the Public Acts of the State of Michigan for the year 1885, and Act No. 17 of the Public Acts of said State for the year 1887, after properly advertising the same as directed by said act for the said taxes of 1885, and all interest, costs, office charges, costs of advertising and collection fees, as provided by said Act No. 153 or until sold under this decree as hereinafter provided."

The lands were later sold under this decree and bid in by the State. Counsel claim as follows:

"It is not disputed in this case that the taxes assessed against said lands for year 1885 were about to be sold at the tax sale of year 1887, when such sale was enjoined by the circuit court for the county of Ogemaw, in chancery, at the suit of Charles Dease, as complainant, against Auditor General, *et al.*, as defendants. That the said Charles Dease departed this life in February, 1889, while the hearing in said suit was not had until May, 1889, and no sug-

gestion was made therein of the death of Charles Dease, or the substitution of his representatives as complainants."

It is also claimed that the notice was not given and the sale made as to time according to the terms of Act No. 153 of the Public Acts of 1885, and that nothing appears in the files showing the issuing of an execution and a return thereof before sale. The last-named contention is shown to be not well taken. We have already quoted enough from the decree to show that it was rendered after proofs were taken in open court and after argument of counsel for the respective parties. Just what proof was taken in open court is not made to appear. The decree then made in a case brought by the grantor of the complainant in this case has never been attacked in that case, and we think it cannot now be attacked in this proceeding. The decree provided that the lien should continue until the land was sold thereunder. We think it now too late to say that the taxes passed upon in that decree were irregularly levied.

The decree is affirmed, with costs.

BLAIR, C. J., and GRANT, MONTGOMERY, and McALVAY, JJ., concurred.